UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GLEN PACE                                                                                                 PLAINTIFF

V.                              CIVIL ACTION NO. 3:22-CV-685-KHJ-MTP

CIRRUS DESIGN CORPORATION, et al.                          DEFENDANTS

ORDER

Before the Court is Wayne E. Ferrell, Jr.'s [177] Motion for Reconsideration of the Court's [174] Order imposing sanctions against him. For the reasons stated below, the Court denies the motion.

I.    Background

The Court has detailed the factual background of this case in its previous [151, 174] Orders. *See, e.g.*, *Pace v. Cirrus Design Corp.* (*Pace VI*), No. 3:22-CV-685, 2025 WL 819006, at *1–3, *1 n.1 (S.D. Miss. Mar. 13, 2025). In short, Ferrell "refiled a duplicative lawsuit in Mississippi against four out-of-state defendants after a district court found that Mississippi courts had no personal jurisdiction over those defendants." *Id.* at *10. The Court later imposed sanctions on Ferrell under Federal Rule of Civil Procedure 11(b)(2) for violating his "duty to reasonably inquire whether a legal basis existed for recontesting personal jurisdiction . . . ." *Id.*

Exactly 28 days after the Court entered its sanctions [174] Order, Ferrell moved for reconsideration. *See* [177]. In his [178] Memorandum, Ferrell explains that months after suing the four original defendants, he discovered that his client,

Glen Pace, might also have claims against five additional parties. [178] at 4. So Ferrell moved to amend the complaint to add those parties, but the district court dismissed the case for lack of personal jurisdiction, mooting the motion to amend. *See id.*

After appealing the dismissal, Ferrell worried that the statute of limitations might bar Pace's claims against the five additional parties. *See id.* at 4–5. To preserve Pace's claims, Ferrell "sincerely felt it necessary to file a second lawsuit" in Mississippi against the five additional parties *and the four original defendants. Id.* at 5. Ferrell admits that he "considered filing a separate action against the new Defendants in Mississippi while the appeal against the original four defendants was ongoing." *Id.* at 6 n.2. But he had concerns "that he would never get all parties into the same lawsuit and that his client would face empty-chair arguments on both fronts." *Id.*

At the end of his [178] Memorandum, Ferrell presents new evidence that Defendant Cirrus Design Corporation "entered into a partnership with Madison Flyers in Mississippi in 2018," which predates the events that gave rise to Pace's claims. *Id.* at 7; *see also* Madison Flyers Aircraft Rentals [177-2] at 4.

II.     Standard

The Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration. *See Cavalier v. Jill L. Craft Att'y at L., L.L.C.*, No. 23-30778, 2024 WL 2846059, at *2 (5th Cir. June 5, 2024) (per curiam) (citing *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004)). But before a court enters a final

judgment, it may reconsider its interlocutory orders under Rule 54(b). *Cabral v. Brennan*, 853 F.3d 763, 766 & n.3 (5th Cir. 2017). And post-judgment motions for reconsideration "may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Cavalier*, 2024 WL 2846059, at *2 (quoting *Shepherd*, 372 F.3d at 328 n.1). "If the motion is filed within the time prescribed for filing a Rule 59(e) motion—[28] days after 'the judgment or order of which the party complains'—'it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.'" *Id.* (quoting *Shepherd*, 372 F.3d at 328 n.1); *see also* Fed. R. Civ. P. 59(e).

III.    Analysis

The Court denies Ferrell's [177] Motion for Reconsideration. In doing so, it construes the [177] Motion as a Rule 59(e) motion, and it then finds that Ferrell has not shown that he merits Rule 59(e) relief.

A. Applicable Reconsideration Standard

The Court must first determine whether to construe Ferrell's post-judgment [177] Motion for Reconsideration as one made under Rule 59(e) or 60(b). Ferrell does not specify which provision he brings the [177] Motion under. *See* [177]; [178]. Rule 59(e) "applies to *final judgments*." *Cabral*, 853 F.3d at 766 (emphasis added). Meanwhile, Rule 60(b) applies to any "final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b). Since the Court already entered a [152] Final Judgment in this case on August 10, 2023, it would appear at first glance that the Court's later [174] Order imposing sanctions is not also a final judgment. Careful consideration,

3

however, leads the Court to conclude that its [174] Order is a final judgment, so it construes Ferrell's [177] Motion as a Rule 59(e) motion.

Under Rule 54(a), a judgment includes "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). And post-judgment "orders that dispose completely of the issues raised are final decisions." *SEC v. Novinger*, 96 F.4th 774, 778 (5th Cir. 2024) (cleaned up). Generally, "a post-judgment order imposing sanctions is final and appealable." *Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 453 (5th Cir. 1998) (per curiam). Due to its appealability, a post-judgment sanctions order falls within Rule 54(a)'s definition of a "judgment." Fed. R. Civ. P. 54(a). And because such orders are also final decisions, *see Thornton*, 136 F.3d at 453, the Court concludes that its [174] Order is a final judgment. As such, the [174] Order is susceptible to a Rule 59(e) motion. *See Cabral*, 853 F.3d at 766. Thus, the Court considers Ferrell's [177] Motion under Rule 59(e) because he filed it 28 days after the [174] Order was entered.

B.  Merits of Reconsideration Motion

The Court now considers the merits of Ferrell's [177] Motion. A Rule 59(e) motion "is an extraordinary remedy that should be granted sparingly." *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 371 (5th Cir. 2024) (cleaned up). Rule 59(e) "allows a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (per curiam). But a Rule 59(e) motion "is not the proper vehicle for rehashing

4

evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (cleaned up). Courts only grant Rule 59(e) motions based on newly discovered evidence if the facts discovered (1) would probably change the outcome, (2) could not have been discovered earlier by proper diligence, and (3) are not merely cumulative or impeaching. *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010). Ferrell has not shown that he merits Rule 59(e) relief.

Ferrell's [178] Memorandum appears to invoke the second and third grounds for Rule 59(e) relief. *See* [178] at 2–7. The Court starts with Ferrell's new evidence. *See id.* at 7; [177-2]. At the outset, Ferrell fails to explain why he could not have discovered this evidence earlier by proper diligence. *See* [178] at 7. And as for the evidence itself, it would not change the outcome. The exhibit Ferrell attaches does not show that Cirrus partnered with Madison Flyers. *See* [177-2]. At best, it shows that Madison Flyers rented out a fleet of aircraft, and the fleet included two Cirrus aircraft. *See id.* at 4.

Even if this exhibit did evidence a partnership, it cannot support specific jurisdiction because Ferrell never alleged that Pace's claims against Cirrus arose from Cirrus's contact with Madison Flyers. *See* Compl. [1-1] ¶¶ 8–11; *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022). And Ferrell could not have reasonably believed that a purported agreement between Cirrus and Madison Flyers to rent out two Cirrus aircraft constituted a contact "so continuous and systematic as to render [Cirrus] essentially at home in" Mississippi. *Seville*, 53

F.4th at 895 (cleaned up). What's more, this evidence still does nothing to justify suing the other three original defendants again.

Turning to Ferrell's other argument, he emphasizes that he sincerely believed he needed to sue the four original defendants a second time. [178] at 5. But a reasonable inquiry into personal jurisdiction, preclusion, and consolidation would have disabused him of that notion. *See Bank of La. v. FDIC*, 33 F.4th 836, 838 (5th Cir. 2022); Fed. R. Civ. P. 42(a). Ignoring issue preclusion and suing the four original defendants again was not a legitimate or reasonable solution to Ferrell's concern "that he would never get all parties into the same lawsuit . . . ." [178] at 6 n.2. If Ferrell had conducted a reasonable inquiry into the relevant law, he would have known issue preclusion barred him from suing the four original defendants again—absent changed jurisdictional facts. *See Bank of La.*, 33 F.4th at 838. And he would have known that a motion to consolidate—rather than a duplicative lawsuit—was the proper vehicle for getting all the parties into the same lawsuit. *See* Fed. R. Civ. P. 42(a). If Ferrell had filed his second action against just the five new defendants and then successfully appealed the first action's dismissal, he could have moved to consolidate both cases.

Ultimately, the Court did not sanction Ferrell for bad faith or lack of sincerity; it sanctioned him for "lock[ing] four defendants in duplicative litigation" based on an objectively unreasonable ignorance of the relevant law. *Pace VI*, 2025 WL 819006, at *11. Ferrell's [177] Motion provides no objectively reasonable

explanation for this duplicative action. Seeing no manifest error of law or fact in its [174] Order, the Court declines to alter or amend it.

IV.   Conclusion

For the reasons stated above, the Court DENIES Ferrell's [177] Motion for Reconsideration. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 22nd day of May, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE